BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
**PAMALA R. HOLSINGER, OSB #892638**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
pamala.holsinger@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:16-CR-00051-BR |
| v. | **GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE PROTECTIVE ORDER (#1680)** |
| **AMMON BUNDY, et al.,** | |
| **Defendants.** | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, Craig J. Gabriel, and Pamala R. Holsinger, Assistant United States Attorneys, hereby submits this supplemental memorandum in support of the Government's Motion to Enforce Protective Order (ECF No. 1680).

On January 6, 2017, the government filed a Motion to Enforce Protective Order seeking an order from this Court enjoining third party Gary Hunt from further dissemination of discovery materials subject to this Court's March 4, 2016, Protective Order. The Motion was supported by the Affidavit of FBI Special Agent Ronnie Walker. On January 9, 2017, this Court directed the government to file a supplemental memorandum addressing the following issues:

1. The Court's authority to enjoin the actions of a third party under the existing terms of the Protective Order [342] and without advanced notice to the third party and an opportunity for that third party to be heard;

2. The Court's jurisdiction to compel an individual who is not present within the district of Oregon to respond to the government's arguments raised in the Motion via an order to show cause or other form of order; and

3. Whether the Court should amend the existing Protective Order in any respect to address the issues raised in the government's Motion.

I.    The Court Has Authority to Enforce Its Own Lawful Orders

This Court has authority to enjoin the actions of non-parties under the existing terms of the protective order when those non-parties aid and abet parties to violate the court's order. *See, e.g.*, *Reebok Int'l Ltd v. McLaughlin*, 49 F.3d 1387, 1390 (9th Cir. 1995) (noting that courts have authority and subject matter jurisdiction to punish contemptuous violations of its order, citing 18 U.S.C. § 401); *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 948 (9th Cir. 2014) (organization that aids and abets a party's violation warrants contempt). This rule makes sense because it seeks to correct both direct and indirect or

circuitous violations of this Court's orders.   To permit a party to publicly disseminate material subject to this Court's Protective Order simply by transferring it to a non-party would violate the Order no less starkly than if the party posted the material on a public website himself.

In addition, Hunt did receive advance notice of this Court's Order and, as explained in Agent Walker's Affidavit in Support of Motion to Enforce Protective Order (ECF No. 1681), Hunt recognized this Court's Order but refused to follow it, incorrectly believing that it did not apply to him.   The contemptuous postings, however, make clear that the material Hunt now holds is material subject to this Court's Protective Order and that Hunt has disseminated that information in contravention of this Court's Order.   Hunt's stated reason for "outing" the CHSs is so they can serve as defense witnesses at the next trial.   The reasons undergirding this Court's Protective Order—i.e., a need to protect the informants from harm—justifies immediate relief in the form of an injunction directing Hunt to remove all contemptuous postings immediately.   In addition, the need for immediate relief is supported by Agent Walker's supplemental affidavit filed in support of this supplemental memorandum, which suggests that Hunt's contemptuous activities are ongoing.   In a Facebook post regarding the FBI's February 5, 2017, visit to Gary Hunt to serve the cease and desist letter, a person asks "who is Gary Hunt?"   On defendant Duane Ehmer's Facebook account a response is posted, "He is working with our lawyers."

Whether Hunt should be subject to sanctions and/or held in civil or criminal contempt are matters that should be addressed after Hunt has an opportunity to be heard.   *Autotech Tech. LP v. Integral Research & Dev. Corp.*, 499 F.3d 737, 746-47 (7th Cir. 2007).

/ / /

**II.     The Court Has Jurisdiction to Enforce Its Order Beyond the District of Oregon**

This Court's authority to effectuate its own orders extends beyond the usual reach of this Court's subpoena power to the entire country.   For example, when a party transferred assets to a non-party in violation of a court order, the non-parties who resided outside of the district court's jurisdiction (in Texas) were nevertheless subject to that court's jurisdiction (in Mississippi); indeed, enforcement of the injunction "must occur in the issuing court's jurisdiction because contempt is an affront to the court issuing the order."   *Waffenschmidt v. McKay*, 763 F.2d 711, 716 (5th Cir. 1985); *see also Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 433-34 (M.D.N.C. 2001) (rejecting argument that to enforce discovery order, party had to file motion in non-party's judicial district); *Platinum Air Charters, LLC v. Aviation Ventures, Inc.*, No. 2:05-cv-01451-RCJ-LRL, 2007 WL 121674 , *3 (D. Nev. Jan. 10, 2007) (same).

**III.    The Court Should Expand the Protective Order**

Finally, in the ordinary case, all parties comply with court orders.   This has proven to be an extraordinary case; therefore, if this Court were to revisit the terms of its existing Protective

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Government's Supplemental Memorandum in Support of Motion to Enforce           Page 4
Protective Order (#1680)**

Order, further language specifically addressing the Court's intent to ensure compliance with its orders for both direct and indirect violations—wherever they may occur—would be appropriate.

Dated this 10th day of January 2017.

> Respectfully submitted,
>
> BILLY J. WILLIAMS
> United States Attorney
>
> *s/ Pamala R. Holsinger*
> ETHAN D. KNIGHT, OSB #992984
> GEOFFREY A. BARROW
> CRAIG J. GABRIEL, OSB #012571
> PAMALA R. HOLSINGER, OSB #892638
> Assistant United States Attorneys