Terri Wood, OSB #883325
Law Office of Terri Wood, P.C.
730 Van Buren Street
Eugene, Oregon 97402
541-484-4171
Fax: 541-485-5923
Email: contact@terriwoodlawoffice.com

Attorney for Jon Ritzheimer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>-VS-<br><br>JON RITZHEIMER,<br><br>      Defendant | Case No. 3:16-CR-00051-02-BR<br><br>DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE |

      COMES NOW the Defendant, Jon Ritzheimer, through counsel Terri Wood, and moves the Court to modify conditions of his release pending voluntary surrender for execution of sentence on February 16, 2018, to delete the condition prohibiting his use of all social media for any purpose, that he agreed to not contest when it was first imposed on January 30, 2017, upon the grounds and authorities set forth below, and the facts set forth in the supporting Declaration of Counsel filed herewith.

Defendant so moves because (1) the circumstances giving rise to this condition no longer exist; (2) his earlier waiver of right to contest this condition does not bar a claim now that the condition is an unconstitutional infringement of his First Amendment Free Speech rights; (3) deletion of the condition is necessary for Mr. Ritzheimer to promote his filed candidacy for a Congressional seat in Arizona and to otherwise engage in protected political speech; and (4) the condition is unnecessary to assure his surrender to the designated BOP facility and unnecessary to protect the safety of any person or the public.

Defense counsel has consulted with the Government, and the Government opposes the modification.

To expedite resolution of this motion, once the Government has the opportunity to be heard, the defense requests that, if the modification is approved, a minute order be entered in the docket as follows:

The conditions of release for Jon Ritzheimer are modified to allow his use of social media for any lawful purpose.

RESPECTFULLY SUBMITTED on December 22, 2017



/s/ Terri Wood
TERRI WOOD  OSB  883325
Attorney for Ritzheimer

### POINTS & AUTHORITIES

1. Mr. Ritzheimer was sentenced to one year and one day imprisonment on November 30, 2017, and allowed to remain on release pending execution of sentence currently set for February 16, 2018. Conditions of release include a prohibition on his use of any social media for any purpose with the exception of

posting on Facebook to promote his business. Earlier this month Mr. Ritzheimer filed as a candidate in a 2018 Special Primary Election for U.S. Representative, District 8, after determining that neither his status as a convicted felon nor his upcoming imprisonment were legal bars to candidacy. Social media is a common forum for political speech, recently recognized by the Supreme Court as "perhaps the most powerful mechanisms available to a private citizen to make his or her voice heard. They allow a person with an Internet connection to 'become a town crier with a voice that resonates farther than it could from any soapbox'." *Packingham v. North Carolina*, 137 S.Ct. 1730, 1738 (2017). Furthermore, political speech is "central to the meaning and purpose of the First Amendment." *Citizens United v. Federal Election Com'n*, 130 S.Ct. 876, 890, 558 U.S. 310, 326 (2010).

2. Mr. Ritzheimer agreed to the January 2017 modification of his release conditions barring him from all social media that was sought by Pretrial Services, recognizing that his use at that time was a distraction impeding his progress in treatment. The First Amendment is a constitutional right that "functions to preserves spheres of autonomy" from government influence and control; thus, under the "unconstitutional conditions" doctrine, his earlier waiver of the right to challenge this condition is no bar to his current challenge and request for modification. *See, United States v. Scott,* 450 F.3d 863, 865-66 (9th Cir. 2006)(defendant's acceptance of release condition for warrantless searches at the unbridled discretion of pretrial officer did not constitute a valid waiver of his

Fourth Amendment rights for purposes of seeking suppression of evidence seized during such a search).

    3. Mr. Ritzheimer's standard and special conditions of supervised release contain no restriction on his use of social media. The goal of release conditions under 18 USC §3142(c)(N)—"to assure the safety of any other person and the community"—is one of the same goals that supervised release conditions are designed to promote. *See* 18 U.S.C. §3583(d) and 18 U.S.C. §3553(a). Title 18 U.S.C. §3583(d) authorizes the district court to order special conditions of supervised release if such conditions are reasonably related to the factors contained in 18 U.S.C. §3553(a). Section 3553(a) provides, in relevant part, that "[t]he court shall impose a sentence sufficient, but not greater than necessary . . . to protect the public from further crimes of the defendant." 18 U.S.C. §3553(a). Thus, the considered opinion of the Hon. Anna J. Brown, U.S. District Court Judge, in reviewing voluminous records concerning Mr. Ritzheimer's character and background, including exemplary progress in treatment since January 2017, should weigh in favor of the requested modification. The Bail Reform Act requires imposition of the least restrictive conditions of release that promote the goal of public safety.